IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MELANIE OSUCH,  )
       Plaintiff,  ) Case No.:
    )
v  )
    )
    ) COMPLAINT AND DEMAND FOR
SOUTHWEST CREDIT SYSTEMS, L.P.,  ) JURY TRIAL
       Defendant.  )
    ) (Unlawful Debt Collection Practices)
    )

## COMPLAINT

MELANIE OSUCH, ("Plaintiff") by her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in Plainville, Connecticut.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 4120 International Parkway, Suite 1100, Houston, Texas 75007.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff, related to an AT&T account.

11. The alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. The debt could not have been a business debt, as Plaintiff owes no business debt.

13. Between November 2011 and March 2012, Defendant and its representatives placed repeated and continuous calls to Plaintiff's home and cellular telephones, in order to collect the alleged AT&T debt.

14. Defendant regularly called Plaintiff multiple times per day.

15. On several occasions, Defendant called Plaintiff at least four times in a day.

16. On various interactions with Plaintiff, Defendant called Plaintiff back immediately after Plaintiff hung up the telephone.

17. During these calls, Plaintiff repeatedly told Defendant that she intends to pay the debt, but she is currently unemployed and therefore unable to pay the full amount demanded by Defendant.

18. Accordingly, Plaintiff verbally demanded that Defendant stop its harassing collection calls.

19. Despite Plaintiff's honest statements and clear demand, Defendant continued to harass and abuse Plaintiff with continuous collection calls to her cellular telephone.

20. During a conversation with Plaintiff in or around January 2012, Defendant's representative told Plaintiff that if she did not make immediate payment to Defendant that Plaintiff "would never be able to get another credit card".

21. There is no way that Defendant could know the success of Plaintiff's future attempts to obtain credit, therefore this statement was made without knowledge, and with the intent to coerce Plaintiff into acceding to Defendant's demands.

22. On one occasion, in or around February 2012, when Plaintiff asked Defendant's representative how Defendant obtained Plaintiff's cellular telephone number, rather than answering Plaintiff's question, Defendant hung up the telephone.

23. Because her verbal demands to stop calls were ignored and the harassment continued, on or around February 20, 2012, Plaintiff sent Defendant a written cease and desist letter. A true and accurate copy of Plaintiff's February 20 letter is attached as Exhibit "A".

24. Defendant did not honor the cease and desist instructions in a reasonable amount of time and/or did not have reasonable measures in place to ensure compliance with Plaintiff's cease and desist demand within a reasonable period of time.

25. For several weeks after Plaintiff sent her cease and desist letter, Defendant continued to call Plaintiff's home and cellular telephone, revealing once again either an intent to harass or a failure to have reasonable measures in place to comply with the FDCPA mandate to cease and desist calls when notified to do so.

26. Defendant persisted in its conduct with the intent of harassing and annoying Plaintiff as it knew from the communications with her, that all such contact was unwanted.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

27. Section 1692c(c) of the FDCPA prohibits debt collectors from communicating with a consumer after the consumer informs the debt collector in writing that the consumer wishes to cease communication with the debt collector.

28. Defendant violated § 1692c(c) of the FDCPA when it called Plaintiff after receiving a cease and desist letter.

### COUNT II

29. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

30. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff back immediately after Plaintiff hung up the telephone, when it stated that Plaintiff would never be able to get another credit card, when it called Plaintiff after receiving a cease and desist letter, and when it engaged in other harassing or abusive conduct.

**COUNT III**

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT IV**

33. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

34. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

35. Defendant violated § 1692e, and § 1692e(10) of the FDCPA, when it misrepresented that it had knowledge that Plaintiff would never be able to obtain a credit card.

**COUNT V**

36. Section 1692f of the FDCPA prohibits debt collectors from using unfair or

unconscionable means to collect a debt.

37. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when Defendant called Plaintiff back immediately after Plaintiff hung up the telephone, when it told Plaintiff that she would never be able to obtain another credit card, when it called Plaintiff after receiving a cease and desist letter, and when it engaged in other unfair conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MELANIE OSUCH respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
   d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MELANIE OSUCH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

MELANIE OSUCH
By her Attorney,


*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com


Dated: March 27, 2012